# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BIREN PATEL,<br><br>    Plaintiff,<br><br>vs.<br><br>CAMBREX CORPORATION, GREGORY B. BROWN, CLAES GLASSELL, LOUIS J. GRABOWSKY, BERNHARD HAMPL, KATHRYN RUDIE HARRIGAN, ILAN KAUFTHAL, STEVEN M. KLOSK, and SHLOMO YANAI,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Biren Patel ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE AND SUMMARY OF THE ACTION

1.      This action is brought by Plaintiff against Cambrex Corporation ("Cambrex" or the "Company") and the members of Cambrex's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a) and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, and to enjoin the vote on a proposed transaction, pursuant to which Cambrex will be acquired by Permira Advisers LLC ("Permira") through its subsidiaries Catalog Intermediate Inc. ("Parent") and Catalog Merger Sub Inc. ("Merger Sub") (the "Proposed Transaction").

2.     On August 7, 2019, Cambrex issued a press release announcing it had entered into an Agreement and Plan of Merger dated August 7, 2019 (the "Merger Agreement") to sell Cambrex to Permira.  Under the terms of the Merger Agreement, each Cambrex stockholder will be entitled to receive $60.00 in cash per share of Cambrex common stock they own (the "Merger Consideration").  The Proposed Transaction is valued at approximately $2.4 billion.

3.     On September 23, 2019, Cambrex filed a Definitive Proxy Statement on Schedule 14A (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that Cambrex stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information concerning, among other things: (i) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor, Morgan Stanley & Co. LLC ("Morgan Stanley"); (ii) the background of the Proposed Transaction; and (iii) Morgan Stanley's and Company insiders' potential conflicts of interest.  Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.     In short, unless remedied, Cambrex's public stockholders will be irreparably harmed because the Proxy Statement's material misrepresentations and omissions prevent them from making a sufficiently informed voting or appraisal decision on the Proposed Transaction.  Plaintiff seeks to enjoin the stockholder vote on the Proposed Transaction unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391 because: (i) the Company's principal executive offices are located in this District; (ii) one or more of the defendants either resides in or maintains executive offices in this District; and (iii) defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## THE PARTIES

8. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Cambrex.

9. Defendant Cambrex is a Delaware corporation with its principal executive offices located at One Meadowlands Plaza, East Rutherford, New Jersey 07073. The Company is a leading small molecule company that provides drug substance, drug product and analytical services across the entire drug lifecycle. The Company's common stock is traded on the New York Stock Exchange under the ticker symbol "CBM."

10. Defendant Gregory B. Brown ("Brown") has been a director of the Company since 2017.

11. Defendant Claes Glassell ("Glassell") has been a director of the Company since 2016.

12. Defendant Louis J. Grabowsky ("Grabowsky") has been a director of the Company since 2015.

13. Defendant Bernhard Hampl ("Hampl") has been a director of the Company since 2016.

14. Defendant Kathryn Rudie Harrigan ("Harrigan") has been a director of the Company since 1994.

15. Defendant Ilan Kaufthal ("Kaufthal") has been a director of the Company since its formation in 1983.

16. Defendant Steven M. Klosk ("Klosk") has been President, Chief Executive Officer ("CEO"), and a director of the Company since 2008.

17. Defendant Shlomo Yanai ("Yanai") is Non-Executive Chairperson of the Board and has been a director of the Company since 2012.

18. Defendants identified in paragraphs 10-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## OTHER RELEVANT ENTITIES

19. Permira is a global investment firm that advises funds with a total committed capital of approximately $48 billion (€41.5 billion) and makes long-term investments, including majority control investments as well as strategic minority investments, in companies with the objective of transforming their performance and driving sustainable growth.

20. Parent is a Delaware corporation controlled by investment funds advised by Permira.

21. Merger Sub is a Delaware corporation controlled by investment funds advised by Permira.

**SUBSTANTIVE ALLEGATIONS**

**Company Background**

22.     Cambrex is a life sciences company that provides products and services that accelerate and improve the development and commercialization of new and generic therapeutics. The Company primarily supplies its products and services worldwide to innovator and generic pharmaceutical companies. The Company has recently completed or announced a number of significant business transactions.

23.     In September 2018, Cambrex completed the acquisition of Halo Pharma ("Halo"), a finished dosage form Contract Development and Manufacturing Organization, for approximately $425 million. Through the Halo acquisition, Cambrex enhanced its existing global active pharmaceutical ingredients ("API") manufacturing network with the addition of Halo's formulation development and finished dosage manufacturing capabilities. In the September 12, 2018 press release announcing the Company's completion of the Halo acquisition, defendant Klosk stated, "[t]he acquisition is well-aligned with our commitment to providing best-in-class services to meet the needs of our global pharmaceutical, biotech and generic customers and the combined business creates a leading small molecule CDMO with both API and finished dosage development and manufacturing capabilities."

24.     On January 2, 2019, Cambrex announced it completed the acquisition of Avista Pharma Solutions ("Avista"), a contract development, manufacturing, and testing organization, for approximately $252 million. Defendant Klosk commented on the Avista acquisition, stating:

> Acquiring Avista adds a full complement of early stage development capabilities to Cambrex's larger scale capabilities for both APIs and finished dosage forms. We are excited to start off 2019 integrating Avista into Cambrex's global network of facilities. Adding Avista today and Halo Pharma in September significantly increases our customer base and funnel of projects, provides significant cross selling opportunities and allows us to offer an integrated service offering for most small molecules from the pre-clinical stage through the commercial stage.

25. On May 2, 2019, Cambrex reported its first quarter 2019 financial results. For the quarter, the Company reported net revenue of $159.5 million, a 13% increase compared to the first quarter of 2018, and adjusted EBITDA of $41.1 million, compared to $37.9 million in the first quarter of 2018. The Company continued to expect full year 2019 net revenue to be between 21% and 25% higher than 2018 net revenue. Commenting on the quarter's successful results, defendant Klosk stated:

> The first quarter was a very productive quarter for Cambrex. Our financial performance was in line with our full year expectations, and we saw many examples of the synergies we anticipated when we acquired Halo and Avista. While there is still much work to be done, we took significant steps towards realizing our vision of building the leading fully integrated global small molecule CDMO. As our commercial team gains experience selling all of our services, and awareness of the full scope of our offering grows with existing and prospective customers, we expect the synergies to become more and more significant moving forward.

**The Proposed Transaction**

26. On August 7, 2019, Cambrex issued a press release announcing the Proposed Transaction. The press release states, in relevant part:

> EAST RUTHERFORD, N.J., Aug. 07, 2019 (GLOBE NEWSWIRE) — Cambrex Corporation (NYSE: CBM), the leading small molecule company providing drug substance, drug product and analytical services across the entire drug lifecycle, announced today that it has signed a definitive agreement to be acquired by an affiliate of the Permira funds in a transaction valued at approximately $2.4 billion, including Cambrex's net debt. Under the terms of the merger agreement, Cambrex shareholders will receive $60.00 in cash for each share of Cambrex common stock, which represents a 47.1% premium to the August 6 closing stock price and a 37.3% premium to the 60-day volume weighted average closing price leading up to this announcement.
>
> Cambrex has grown to become the premier contract development and manufacturing organization in the small molecule space over the last several years. The recent acquisitions of Halo Pharma in 2018 and Avista Pharma Solutions in 2019 added drug product manufacturing and a full range of early stage and analytical testing services to the company's leading position in drug substance manufacturing, allowing Cambrex to broaden customer relationships over the full product lifecycle, from pre-clinical through commercial.

"We are excited to announce this transaction with Permira, a global private equity firm that has made significant investments in the pharma services space. This agreement is a strong endorsement of our strategy and represents significant value for our shareholders," commented Steve Klosk, President and CEO of Cambrex. "Cambrex will continue to invest aggressively in our commitment to our global customer base, where we are constantly looking at ways to provide the broadest possible range of world class services."

"We are very excited to back Cambrex in its next phase of growth," said Henry Minello, Principal in the Global Healthcare Group of Permira. "Over many years, Cambrex has built a leading position with best-in-class capabilities and facilities, backed by an excellent reputation for quality and technical expertise. We look forward to partnering with Cambrex's talented management and employees to support the growth of its integrated services offering."

Completion of the transaction is subject to customary closing conditions, including receipt of approval by Cambrex's shareholders and customary regulatory approvals. Closing is expected to occur during the fourth quarter of 2019.

The transaction will be financed through a combination of debt and equity financing.

Under the terms of the agreement, Cambrex may actively solicit acquisition proposals from third parties during a 45-day "go-shop" period starting from the date of the agreement (which period may be extended under certain circumstances for an additional 15 days), and subject to customary requirements included in the agreement, enter into or recommend a transaction with a person or group that makes a superior proposal. There can be no assurance that this process will result in a superior proposal. Cambrex does not intend to disclose developments during this process unless and until the Board makes a decision with respect to any superior proposal it may receive..

**The Proxy Statement Contains Numerous Material Misstatements or Omissions**

27. Defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to Cambrex's stockholders. The Proxy Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed voting or appraisal decision in connection with the Proposed Transaction.

28. Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information

concerning: (i) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor, Morgan Stanley; (ii) the background of the Proposed Transaction; and (iii) Morgan Stanley's and Company insiders' potential conflicts of interest.

*Material Omissions Concerning Morgan Stanley's Financial Analyses*

29. The Proxy Statement describes Morgan Stanley's fairness opinion and the various valuation analyses performed in support of its opinion. However, the descriptions of Morgan Stanley's fairness opinion and analyses fail to include key inputs and assumptions underlying these analyses. Without this information, as described below, Cambrex's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Morgan Stanley's fairness opinion in determining whether to vote in favor of the Proposed Transaction.

30. With respect to Morgan Stanley's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) the projection line items underlying unlevered free cash flow; (ii) the normalized unlevered free cash flows of the Company for calendar year 2024; (iii) the range of terminal values for the Company; and (iv) quantification of the inputs and assumptions underlying the range of discount rates from 7.5% to 8.4% and the perpetual growth rate ranging from 2.0% to 2.5%.

31. With respect to Morgan Stanley's *Precedent Premiums Paid Analysis*, the Proxy Statement fails to disclose: (i) the transactions observed by Morgan Stanley in the analysis; and (ii) the premiums paid in the transactions.

32. When a banker's endorsement of the fairness of a transaction is touted to stockholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

33. The omission of this information renders the statements in the "Opinion of the Company's Financial Advisor" and "Management Projections" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning the Background of the Proposed Transaction*

34. The Proxy Statement omits material information relating to the process leading to the Proposed Transaction.

35. According to the Proxy Statement, "[d]uring the 45-day go-shop period . . . eight potential bidders [ ] enter[ed] into a confidentiality agreement with the Company (including Party C)." Proxy Statement at 37. The Proxy Statement fails, however, to disclose whether the confidentiality agreements the Company entered into with these eight potential bidders contained standstill and/or "don't ask, don't waive" standstill provisions that are presently precluding these bidders from submitting topping bids for the Company.

36. The disclosure of the terms of any standstill provisions in the confidentiality agreements Cambrex entered into with potential merger partners is crucial to Cambrex stockholders being informed of whether their fiduciaries have put in place restrictive devices to foreclose a topping bid for the Company.

37. The omission of this information renders the statements in the "Background of the Merger" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning Morgan Stanley's and Company Insiders' Potential Conflicts of Interest*

38. The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by the Company's financial advisor, Morgan Stanley.

39. The Proxy Statement sets forth, "[i]n the two years prior to the date of its opinion, Morgan Stanley has provided financial advisory and financing services for Permira or its affiliates and has received fees in connection with such services in the amounts of approximately $30 million." *Id.* at 53. The Proxy Statement, however, fails to disclose the timing and nature of the services Morgan Stanley performed for Permira or its affiliates in the past two years.

40. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

41. The Proxy Statement also fails to disclose material information concerning potential conflicts of interest faced by the Company's insiders.

42. For example, the Proxy Statement discloses that:

> As of the date of this proxy statement, none of our executive officers has entered into any agreement with Parent or any of its affiliates regarding employment with, or the right to purchase or participate in the equity of, the Company or one or more of its affiliates following the Effective Time. Prior to and following the closing of the Merger, however, certain of our executive officers may have discussions with, and following the closing of the Merger, may enter into agreements with, Parent, its subsidiaries or their respective affiliates regarding employment with, or the right to purchase or participate in the equity of, the Company or one or more of its affiliates.

*Id.* at 54. However, the Proxy Statement fails to disclose the details of all employment and retention-related discussions and negotiations that occurred between Permira and Cambrex's executive officers or directors, including who participated in all such communications, when they occurred and their content. The Proxy Statement also fails to disclose whether any of

Permira's prior proposals or indications of interest mentioned management retention in the combined company.

43. This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

44. The omission of this information renders the statements in the "Opinion of the Company's Financial Advisor," "Background of the Merger" and "Interests of the Company's Directors and Executive Officers in the Merger" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

45. The Individual Defendants were aware of their duty to disclose this information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement.  Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other stockholders of Cambrex will be unable to make a sufficiently informed decision whether to vote in favor of the Proposed Transaction or seek appraisal and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Against All Defendants for Violations of Section 14(a) of the
Exchange Act and Rule 14a-9 Promulgated Thereunder**

46. Plaintiff repeats all previous allegations as if set forth in full.

47. During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the

statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

48. By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement. The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor Morgan Stanley, the background of the Proposed Transaction, and potential conflicts of interest faced by Morgan Stanley and Company insiders. The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

49. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

50. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

51. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

52. Plaintiff repeats all previous allegations as if set forth in full.

53. The Individual Defendants acted as controlling persons of Cambrex within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as

officers and/or directors of Cambrex, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

54. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

55. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy Statement.

56. In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

57. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

58. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Cambrex's stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Cambrex stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:  September 27, 2019

                By  */s/ Aaron Rubin*
                    **RUBIN & MENDLOWITZ, LLC**
                    Aaron Rubin
                    2623 Hooper Avenue
                    Brick, New Jersey 08723
                    Tel: (516) 590-0544
                    Fax: (516) 506-0832

                    *Attorneys for Plaintiff*

**OF COUNSEL:**

**WEISSLAW LLP**
Richard A. Acocelli
Michael A. Rogovin
Kelly K. Moran
1500 Broadway, 16th Floor
New York, New York 10036
Tel: (212) 682-3025
Fax: (212) 682-3010

*Attorneys for Plaintiff*